FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 24 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

      -against-

THE REAL PROPERTY LOCATED AT
6019 4TH AVENUE, BROOKLYN, NEW YORK,

                Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

09-CV-4428 (SLT)(LB)

**TOWNES, United States District Judge:**

In a letter filed *pro se* on or about July 3, 2013, Dr. Abdul Awan – a claimant and co-owner of the property that is the subject of this civil *in rem* forfeiture action – moves to dismiss this action for failure to prosecute. In a letter dated July 12, 2013, James R. Froccaro, Jr. – an attorney who previously claimed to represent both Dr. Awan and his wife, the other owner of the property – states that Dr. Awan filed his letter without consulting counsel and now wishes to proceed *pro se*. For the reasons set forth below, Dr. Awan's motion is denied and Mr. Froccaro's letter is construed as a motion to withdraw as counsel, which is respectfully referred to Magistrate Judge Bloom to hear and determine.

### *BACKGROUND*

In October 2009, plaintiff United States of America commenced this civil *in rem* forfeiture action with respect to real property located at 6019 4th Avenue in Brooklyn, New York (the "Property"). The government's complaint alleged, *inter alia*, that the Property – jointly owned by Dr. Awan and his wife, Bakhat Awan (collectively, "the Awans") – served as the headquarters for a fraud and money laundering scheme involving the Awans' son, Ahmed Awan, and others, including Alan Labiner.

In December 2009, an attorney named Edmundo Roman-Perez filed both a Notice of Claim on behalf of Dr. Awan and an answer to the government's complaint on behalf of the defendant Property. The answer, dated December 22, 2009, but filed on December 28, 2009, alleged that the Property had been rented to Mr. Labiner and that the Awans were unaware that the Property was being used to conduct unlawful activities. The answer concluded with a request that "all proceedings of condemnation and forfeiture . . . be . . . stayed and that this action . . . be dismissed with prejudice." Answer at 3.

In mid-January 2010, the government requested that discovery in this action be stayed pending resolution of the criminal case against Mr. Labiner, Ahmed Awan, and others. Letter to Hon. Sandra L. Townes from AUSA Evan Weitz, dated Jan. 19, 2010. Two days later, after this Court had referred the government's application for a stay to Magistrate Judge Bloom, an attorney named Scott E. Leemon filed a notice of appearance on behalf of the claimant, Dr. Awan, and requested that he be given until February 15, 2010, in which to file an opposition to the government's application. Letter to Hon. Lois Bloom from Scott E. Leemon, dated Jan. 21, 2010. That request was granted but no opposition papers were ever filed. In mid-July 2010, following a conference before Judge Bloom, Mr. Leemon reported that, after a discussion his "client," "the defendant" did not object to the stay. Letter to Hon. Lois Bloom from Scott E. Leemon, dated July 13, 2010. Accordingly, on July 14, 2010, Judge Bloom granted the stay and directed government to file an update concerning the status of the criminal case by October 14, 2010.

Thereafter, the government submitted a series of status reports, each requesting that the stay be continued. Those requests were unopposed and were granted. Finally, in a status report dated February 16, 2012, the government informed Judge Bloom that Ahmed Awan had pled

2

guilty to various offenses and was scheduled to be sentenced on March 30, 2012. Letter to Hon. Lois Bloom from AUSA Ameet B. Kabrawala, dated Feb. 16, 2012, at 1. In light of this information, Judge Bloom scheduled the initial conference in this action for April 10, 2012.

Ahmed Awan's sentencing was adjourned on four occasions thereafter, prompting both the government and Mr. Leemon to request adjournments of the initial conference. In response to each of the first three requests, Judge Bloom re-scheduled the initial conference for a specific date as requested by the parties. However, after the sentencing was adjourned for a fourth time, the parties proposed that conference be adjourned *sine die*, stating that they would contact the court within ten days after the sentencing occurred to request that the conference be re-scheduled. *See* Letter to Hon. Lois Bloom from Scott E. Leemon, dated July 5, 2012. Judge Bloom acceded to that request.

Ahmed Awan was sentenced on November 27, 2012, but the parties apparently failed to alert Judge Bloom. On February 26, 2013, Judge Bloom issued an order directing the parties to provide a status report by March 4, 2013. The government responded to Judge Bloom's order by letter dated March 4, 2013, reporting that discovery was already underway. That letter – which was copied to a James R. Froccaro, Jr., Esq., as "Attorney for Claimant" – stated that the parties had been "unable to schedule Claimant's deposition" during the months of February or March 2013 because "Claimant's counsel" was engaged in an unrelated jury trial. Letter to Hon. Lois Bloom from AUSA Ameet B. Kabrawala, dated Mar. 4, 2013 at 1. That letter also proposed that the parties send Judge Bloom another update by April 30, 2013. *Id.*

As proposed, the government submitted another status report on April 30, 2013. This report – which was copied to Mr. Froccaro as "Attorney for Claimants" rather than "Attorney for Claimant" – informed Judge Bloom that the government was "awaiting Claimants' overdue

3

responses to its written discovery demands, which were served on March 6, 2013." Letter to Hon. Lois Bloom from AUSA Ameet B. Kabrawala, dated April 30, 2013, at 1. In addition, the status report stated that parties had not yet conducted the "Claimants' depositions" because the "Claimants' counsel was engaged in an unrelated jury trial" between late February and early April 2013. *Id.* This letter prompted Judge Bloom to schedule a status conference for June 11, 2013.

On June 7, 2013, Mr. Froccaro wrote to Judge Bloom for the first time, requesting that the conference be adjourned until sometime in September 2013. In that letter, Mr. Froccaro stated that he was "an attorney for the owners of the above-referenced real property, Dr. Abdul Awan and his wife, Bakhat Awan." Letter to Hon. Lois Bloom from James R. Froccaro, Jr., dated June 7, 2013. Mr. Froccaro represented that Ms. Awan had health problems which had delayed the discovery process. *Id.* In response to Mr. Froccaro's letter, Judge Bloom adjourned the status conference to September 4, 2013.

*Dr. Awan's Motion and Subsequent Filings*

On July 3, 2013, while still represented by Mr. Froccaro, Dr. Awan wrote this Court a letter on behalf of himself and his wife. That letter asserts that there is a "pending Motion to Dismiss" in this action, which was "filed December 22, 2009, more than 3 plus years ago." Letter to Hon. Sandra L. Townes from Abdul J. Awan, dated July 3, 2013, at 1, 2. In addition, Dr. Awan claims that "Defendant . . . agreed to the Stay but only to be in affect [*sic*] until 30 days after the termination of the criminal case in fact," that the stay ended sometime in December 2012, but that the government "has failed to prosecute the case, to request discovery, or in any way [to] try to resolve the case . . . ." *Id.* at 2. Dr. Awan requests that the motion to dismiss be granted or, in the alternative, that he "be granted the right to continue the normal operations of

4

the property without any restrictions of the court or the Government, until such time as this Motion can be decided." *Id.*

On July 12, 2013, Mr. Froccaro sent this Court a letter stating that Dr. Awan had dismissed him as counsel. According to Mr. Froccaro, Dr. Awan's July 3, 2013, letter was sent to the Court without counsel's knowledge and approval. When Mr. Froccaro spoke to Dr. Awan about his submission, Dr. Awan stated that he wanted to proceed *pro se*, rather than continue to be represented by Mr. Froccaro. Mr. Froccaro states that he "agree[s] wholeheartedly with this decision," noting that he would otherwise have sought to be relieved as counsel in light of Dr. Awan's *pro se* submission. Letter to Hon. Sandra L. Townes from James R. Froccaro, Jr., dated July 12, 2013.

In a letter dated July 15, 2013, the government responded both to Dr. Awan's submission and to Mr. Froccaro's letter. In response to Dr. Awan's letter, the government states that it is proceeding with discovery and that the "claimants – not the government – have repeatedly sought and obtained extensions of time to complete discovery." Letter to Hon. Sandra L. Townes from AUSA Ameet B. Kabrawala, dated July 15, 2013, at 2. The government asserts that the claimants have not responded to the government's discovery demands, but that the government has agreed to extensions of time to complete discovery in order to "accommodate the busy schedule of claimants' counsel and the illness of Ms. Awan." *Id.*

Characterizing Mr. Froccaro's letter as a "request to be relieved as counsel," the government states that it does not object to Mr. Froccaro's request. *Id.* However, in a footnote, the government cites to Second Circuit cases for the proposition that a *pro se* litigant can only represent himself and not anyone else. *Id.* at 1 n.1 (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998), and *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)).

5

## *DISCUSSION*

### *Dr. Awan's Pro Se Motion*

Although Dr. Awan's motion was filed at a time when he was represented by counsel, this Court will nonetheless address the merits of that motion. Dr. Awan's submission reflects some misconceptions regarding what has transpired in this case to date. First, there is no pending motion to dismiss or any document *filed* on December 22, 2009. The docket sheet reflects that an answer, *dated* December 22, 2009, was filed by defendant on December 29, 2009. That document, however, is only a responsive pleading and does not constitute or incorporate a motion to dismiss.

Second, while it is not clear precisely when the stay ended or when discovery began, it appears that the parties have been engaged in discovery since at least February 2013. Moreover, although discovery has been delayed, there is no evidence that the government is responsible for the delay. In a letter dated March 4, 2013, AUSA Kabrawala reported that Mr. Froccaro's involvement in unrelated cases was delaying discovery. Similarly, in a status report dated April 30, 2013, the AUSA stated that the government was "awaiting Claimants' overdue responses to its written discovery demands, which were served on March 6, 2013." Letter to Hon. Lois Bloom from AUSA Ameet B. Kabrawala, dated April 30, 2013, at 1. Mr. Froccaro has not controverted these allegations. To the contrary, after Judge Bloom scheduled a July 11, 2013, status conference to discuss these discovery issues, Mr. Froccaro requested that the conference be adjourned, representing that Ms. Awan's health problems had delayed the discovery process. *See* Letter to Hon. Lois Bloom from James R. Froccaro, Jr., dated June 7, 2013.

Third, there is nothing in the record to suggest that this Court has placed any restrictions on the "normal operation" of the Property. Accordingly, Dr. Awan's request that this action be

6

dismissed or, in the alternative, that he "be granted the right to continue the normal operations of the property without any restrictions of the court or the Government," is denied in its entirety.

*Mr. Froccaro's Letter*

Preliminarily, this Court notes that it is unclear who Mr. Froccaro represents in this action. In December 2009, an attorney named Edmundo Roman-Perez filed a Notice of Claim on behalf of Dr. Awan and an answer on behalf of the defendant Property.[1] In January 2010, another attorney, Scott E. Leemon, filed a notice of appearance on behalf of the claimant Dr. Awan. Mr. Leemon continued to represent Dr. Awan until at least July 5, 2012, when he filed a motion to adjourn a status conference.

Although Mr. Froccaro never filed a notice of appearance in this action, the government began sending copies of its correspondence to Mr. Froccaro, and not to Mr. Leemon, in March 2013. The government's correspondence variously describes Mr. Froccaro as "Attorney for Claimant," *see* Letter to Hon. Lois Bloom from AUSA Ameet B. Kabrawala, dated March 4, 2013, at 2, and "Attorney for Claimants." *See* Letter to Hon. Lois Bloom from AUSA Ameet B. Kabrawala, dated April 30, 2013, at 2. In June 2013, Mr. Froccaro himself wrote a letter to Judge Bloom, in which he referred to himself as "an attorney for the owners of the [Property], Dr. Abdul Awan and his wife, Bakhat Awan." Letter to Hon. Lois Bloom from James R. Froccaro, Jr., dated June 7, 2013.

In his letter dated July 12, 2013, Mr. Froccaro asserts that Dr. Awan fired him during a conversation relating to Dr. Awan's *pro se* submission and that there is no need for him to move

---

[1] Although this Court notes that the Notice of Claim and Answer were uploaded onto the Court's Electronic Case Filing system by James Froccaro, there is nothing in the record to indicate that Mr. Roman-Perez is associated with Mr. Froccaro. The documents filed with this Court indicate that Mr. Roman-Perez has an office in Brooklyn, while Mr. Froccaro has an office in Port Washington, New York.

7

to be relieved as counsel. However, while Mr. Froccaro's letter states that Dr. Awan wishes to proceed *pro se*, it makes no mention of Ms. Awan. This Court notes that although Dr. Awan has a right to represent himself in this action, *see* 28 U.S.C. § 1654, Dr. Awan cannot represent another individual, *see Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998), not even a member of his own family. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990).

In light of the confusion as to whom Mr. Froccaro represents in this action, this Court construes Mr. Froccaro's letter as a motion to withdraw as counsel. That motion is respectfully referred to Judge Bloom to hear and determine.

## *CONCLUSION*

For the reasons set forth above, Dr. Awan's motion to dismiss this action or, in the alternative, to "be granted the right to continue the normal operations of the property without any restrictions of the court or the Government," is denied in its entirety. Mr. Froccaro's letter dated July 12, 2013, is construed as a motion to withdraw as counsel and is respectfully referred to Magistrate Judge Bloom to hear and determine.

**SO ORDERED.**

/s/(SLT)

/SANDRA L. TOWNES
United States District Judge

Dated: July 19, 2013
Brooklyn, New York